Holger Patricio PACHECO–
VASQUEZ, Petitioner,

v.

Alberto R. GONZALES, U.S. Attorney
General, Respondent.

No. 06–60357
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 29, 2006.

Holger Patricio Pacheco–Vasquez, pro se.

Thomas Ward Hussey, Director, U.S. Department of Justice Office of Immigration Litigation, Alberto R. Gonzales, U.S. Department of Justice, Washington, DC, E.M. Trominski, District Director, U.S. Immigration & Naturalization Service District Directors Office, Harlingen, TX, Caryl G. Thompson, U.S. Immigration & Naturalization Service District Directors Office, New Orleans, LA, for Respondent.

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Holger Patricio Pacheco–Vasquez (Pacheco) seeks review of an order of the Board of Immigration Appeals (BIA) that denied his motion to reopen deportation proceedings. In May 1990 an Immigration Judge (IJ) determined that Pacheco was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deportable. In November 2005 Pacheco filed his third motion to reopen, after his two prior motions to reopen were denied. In the BIA ruling that is at issue in the instant petition for review, the BIA denied Pacheco's third motion to reopen as untimely and numerically barred pursuant to 8 C.F.R. § 1003.2(c)(2). Pacheco argues, inter alia, that the BIA erred when it determined that his motion to reopen was untimely and numerically barred.

Pacheco's third motion to reopen, filed in November 2005, was filed more than 15 years after his deportation order and almost a decade after September 30, 1996. His motion was therefore untimely. *See* § 1003.2(c)(2); *Matter of Goolcharan,* 23 I. & N. Dec. 5, 2001 WL 307091 (BIA 2001). Additionally, as Pacheco had previously filed two motions to reopen, his third motion to reopen was barred by the numerical limitation set forth in § 1003.2(c)(2), which permits only one motion to reopen.

The BIA did not abuse its discretion in denying Pacheco's motion to reopen. *See Lara v. Trominski,* 216 F.3d 487, 496 (5th Cir.2000). As the BIA's ruling was not an abuse of discretion, this court need not consider Pacheco's remaining argument, which addresses the merits of whether he is entitled to adjustment of status. Pacheco's petition for review is DENIED.